IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLEY GRAHAM                                                               PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 2:05cv2165KS-MTP

BILLY McGEE, et al.                                                       DEFENDANTS

<u>MEMORANDUM OPINION</u>

On November 30, 2005, the plaintiff filed a complaint [1-1] pursuant to 42 U.S.C. § 1983 and requested <u>in</u> <u>forma</u> <u>pauperis</u> status [2-1]. This Court entered two orders in the instant action on December 1, 2005. One order [3-1] directed the plaintiff to file a completed application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts OR to file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court. The second order [4-1] directed the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days. The plaintiff failed to respond or comply with either of these orders.

On July 5, 2006, the plaintiff was ordered [6-1] to show cause in writing, on or before July 20, 2006, why this case should not be dismissed for his failure to comply with the Court's orders of December 1, 2005. The plaintiff was warned in the notice of assignment and the orders of this court that if he did not comply or if he did not provide this court with a change of address his case could be dismissed without prejudice and without further notice to him. These orders were mailed to the plaintiff's last known address. The envelope [7-1] containing the Order to Show Cause was returned on July 20, 2006, marked "undeliverable."

Even though more than 15 days have elapsed since the deadline for compliance with these orders, the plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide this office with a current address.  It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 9th  day of August, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE